# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEON LEWIS** : | CIVIL ACTION |
| **Petitioner,** : | |
| v. : | NO. 08-4498 |
| **FRANKLIN J. TENNIS, THE DISTRICT ATTORNEY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** : | |
| **Respondents.** : | |

**DuBOIS, J.**                                                    May 12, 2010

# **M E M O R A N D U M**

## I. INTRODUCTION

Petitioner, Leon Lewis, was found guilty by a jury of thirteen counts of robbery, four counts of criminal conspiracy and five violations of the Uniform Firearms Act (V.U.F.A.) for carrying a firearm on public streets and, on June 3, 2004, was sentenced to an aggregate term of 120 to 140 years incarceration. Commonwealth v. Lewis, No. 1850 EDA 1999 slip op. At 1 -3 (Pa. Super. Ct. Oct. 12, 2000). After direct appeals, and after seeking relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), Lewis filed a *pro se* petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court on September 8, 2008. United States Magistrate Judge M. Faith Angell submitted to the Court a Report and Recommendation dated February 2, 2010 ("R & R") in which she recommended that the Petition be dismissed. Lewis filed an Objection to Report and Recommendation on February 18, 2010 and an Amended Objection to

Report and Recommendation on May 12, 2010.

Lewis's first objection is that Magistrate Judge Angell filed her R & R without access to the state court record. Second, he argues that Grounds One through Five of his Petition are exhausted, and thus not procedurally defaulted, because he presented the grounds in state court. Finally, he asserts that Grounds Six and Seven of his Petition are not procedurally defaulted because the PCRA Appellate Court's ruling rests on a rule that is neither an independent nor adequate basis for decision.

Lewis's Objections are sustained in part and overruled in part. Lewis's Objection to the analysis in the R & R regarding Grounds One through Five is overruled. The Court approves and adopts those portions of the analysis in the R & R related to Grounds One through Five in their entirety. However, the Court sustains Lewis's Objection to the analysis in the R & R related to Grounds Six and Seven. The analysis in the R & R concluding that Grounds Six and Seven were waived based on an independent and adequate state rule is rejected. The Court reviews those grounds on their merits and, for the reasons set forth below, denies them.

## II. DISCUSSION

The facts of this case are described in detail in the R & R. The Court will not repeat them in this Memorandum except as is necessary to explain its rulings on Lewis's Objections.

### A. General Objection – Access to State Court Record

Lewis raises the general objection that Magistrate Judge Angell issued her Report and Recommendation without the benefit of access to the state court record. This objection is without merit. As Magistrate Judge Angell explained in the first footnote of the R & R, she reviewed Lewis's Petition, the Commonwealth's Answer (along with its exhibits), the Petitioner's reply, his Amended Reply, Lewis's correspondence, and the state court record. (R & R at 1 n.1). This Court

has confirmed that Magistrate Judge Angell was in possession of the state court record, and – as the numerous references to the various state-court proceedings makes clear – the Court is confident that Magistrate Judge Angell carefully reviewed the record before filing her R & R. (See Docket Entry No. 6, No. 08-4498, Jan. 13, 2009) (acknowledging receipt of state court record in The Chambers of Magistrate Judge Angell.)

**B. Objections to the Analysis of Grounds One Through Five in the Report and Recommendation**

Magistrate Judge Angell concluded that grounds One through Five of Lewis's Petition were procedurally defaulted because the factual and legal bases of such grounds were not presented to the state courts. Lewis objects, drawing the Court's attention to briefs he filed in state court, which he claims contain the legal and factual basis of Grounds One through Five. Lewis's objection is without merit. In none of the documents submitted to this Court does Lewis present the legal and factual bases of Grounds One though Five. Because Lewis did not present both the factual and legal bases of these grounds in state court, they are unexhausted and, therefore, procedurally defaulted. (R & R at 10) (quoting Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2001)). Accordingly, the Court overrules Lewis's Objections to the conclusion of the R & R that Grounds One through Five of Lewis's Petition are procedurally defaulted and approves and adopts the analysis of those grounds in the R & R. Grounds One through Five are dismissed.

**C. Objections to the Analysis of Grounds Six and Seven in the Report and Recommendation**

Ground Six of Lewis's Petition is a so-called "layering" claim[1] contending that his counsel

---

[1] As explained in greater detail below, a "layered" claim of ineffective assistance of counsel is one in which a claimant argues that his trial counsel, and all subsequent counsel, were constitutionally ineffective for failing to raise an issue entitling him to relief. The Pennsylvania

were ineffective at each stage of the judicial process for failing to argue that a motion to suppress should have been filed because evidence was gathered during a thirty-three hour delay between his arrest and arraignment. The R & R concludes that this ground was improperly presented to the PCRA Appellate Court, waived, and, as a result, is procedurally defaulted. ( R & R at 18-19.)

Ground Seven of Lewis's Petition asserts what he describes as a "constructive" denial of counsel claim. Specifically, he claims that "[o]n January 7, 1993, a hearing was held at City Hall, Courtroom # 146 in the Philadelphia Municipal Court. There has never been an attorney of record who represented petitioner at that proceeding or at this so-called consolidation proceeding." (Petition at 15.) In his November 14, 2006 *pro se* statement to the PCRA Appellate Court – a document not referenced in the R & R, but contained in the record – Lewis explains that he was scheduled to appear in Municipal Court, at City Hall, on January 7, 1993 for proceedings related to his misdemeanor V.U.F.A. charges. However, Lewis claims the authorities did not transfer him from S.C.I. Graterford to City Hall so that he could attend the hearing, and that no attorney was there to represent him. As a result, the misdemeanor V.U.F.U charges were consolidated with felony charges pending in the Philadelphia Court of Common Pleas and a bench warrant was issued for his arrest.

The PCRA Appellate Court dismissed Lewis's constructive denial of counsel claim, one of the five he presented to that court. Three out of those five claims were expressly deemed waived by that court due to improper layering. In the PCRA Appellate Court's analysis of the constructive denial of counsel claim at the end of its opinion, the court explained that the claim "merely reasserts his previous waived and unavailing claims." (Commonwealth v. Lewis, No. 3143 EDA 2006 slip

---

Supreme Court has articulated specific rules regarding the pleading of these claims. See Commonwealth v. McGill, 832 A.2d 1014 (Pa. 2003).

-4-

op. at 10 (Pa. Sup. Ct. Dec. 31, 2007) ("2007 PCRA App.") In doing so, the PCRA Appellate Court appears to have treated the constructive denial of counsel claim similarly to the three claims it deemed waived as a result of improper layering. Accordingly, the R & R concluded that Ground Seven was procedurally defaulted, and hence unreviewable. This Court, like the Magistrate Judge, concludes that the PCRA Appellate Court deemed Ground Seven to have been waived, and hence procedurally defaulted, as a result of improper layering.

Lewis objects to the conclusion that Grounds Six and Seven are procedurally defaulted. He raises two issues. The first is whether Pennsylvania's rule regarding the effective presentation of a layered ineffective assistance of counsel claim is an independent and adequate basis of decision; if it is, the second issue is whether it falls into a narrow category of exceptional situations in which the rule is rendered inadequate. See e.g., Lee v. Kemna, 534 U.S. 362, 376 (2002) ("There are . . . exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."). Because the Court concludes that Pennsylvania's pleading rule for layered ineffective assistance of counsel claims is not an independent and adequate state rule, it reaches only the first question.

**1. Independent and Adequate State Rule Regarding the Proper Pleading of Grounds Six and Seven**

Lewis did not present the issue of the ineffectiveness of his trial counsel on direct appeal. According to Pennsylvania law at that time,[2] this failure constituted a waiver of his claim. 2007 PCRA App. at 6. Recognizing this, Lewis attempted to avoid the bar by arguing in his PCRA

---

[2] Before the Pennsylvania Supreme Court's decision in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), claims of ineffective assistance of counsel were waived if not presented on direct appeal. Grant changed the rule, holding that ineffective assistance of counsel claims presented for the first time in a PCRA petition are not waived. Id. at 738.

petition that counsel in his direct appeal, and his PCRA counsel, were ineffective for failing to raise the ineffectiveness of his trial counsel and his constructive denial of counsel at a hearing. The Pennsylvania courts refer to this as a layered claim of ineffectiveness.

> To preserve (plead and present) a claim that [appellate counsel] was ineffective . . . the petitioner must: (1) plead, in his PCRA petition, that [appellate counsel] was ineffective for failing to allege that [trial counsel] was ineffective . . . and (2) present argument on, i.e., develop, each prong of the Pierce test as to [appellate counsel's] representation, in his briefs or other court memoranda. Then, and only then, has the petitioner preserved a layered claim of ineffectiveness for the court to review; then and only then, can the court proceed to determine whether the petitioner has proved his layered claim.

Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003). The PCRA Court rejected Lewis's petition and the PCRA Appellate Court affirmed, concluding that Lewis waived his claim by failing to layer it properly. 2007 PCRA App. at 10. The R & R accepts the PCRA Appellate Court's conclusion that Lewis waived his claim. It then concludes that Pennsylvania's rule for preserving a claim of ineffective assistance of counsel through layering is a state procedural bar that precludes federal review. (R & R at 18); see also Florida v. Powell, 130 S. Ct. 1195, 1202 (2010) (noting that a state court decision based on a clearly and expressly articulated state ground is not subject to federal habeas review).

"A state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits, and (3) the state courts' refusal in this instance is inconsistent with other decisions." (R & R at 18) (quoting Doctor v. Walters, 96 F.3d 675, 683-84 (3d Cir. 1996)); see also Beard v. Kindler, 130 S. Ct. 612, 618 (2009) (reaffirming that adequacy depends on whether a state rule is "firmly established and

regularly followed" and holding that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review."). Lewis argues that Pennsylvania's layering rule is neither an independent nor adequate basis of decision because the rule did not speak in unmistakable terms and the Pennsylvania courts have applied the rule inconsistently. The Court agrees that the courts of Pennsylvania have not applied the rule consistently.

Under Pennsylvania law in effect at the time Lewis's PCRA petition was denied, he should have been given notice that his PCRA petition's "layering" claim was deficient. He was not given such notice.

Pennsylvania Rule of Criminal Procedure 905 provides, in part, that "[w]hen a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa. R. Crim. P. 905(B). The McGill court noted that Rule 905(B) "indicates the desire of this [c]ourt to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA Court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." 832 A.2d at 1024. Later cases clarified that "it is necessary that a PCRA petitioner have the ability to amend his petition in order to properly plead, and attempt to prove, layered claims where dismissal of the petition is imminent on grounds that such claims were not adequately pled." Commonwealth v. Carson, 913 A.2d 220, 234 (Pa. 2006) (collecting prior cases). See also Commonwealth v. Daniels, 963 A.2d 409, 420 (Pa. 2009) ("As stated by McGill, a remand may be necessary to allow the petitioner an opportunity to correct any deficiencies in the pleading and presentation of his claims of appellate counsel ineffectiveness when the petitioner has properly pled, presented, and proved the underlying issue of trial counsel ineffectiveness, but failed

to develop the layred claim respecting appellate counsel, *without being put on notice by the PCRA court to address the deficiency*.") (emphasis added)).

Rule 905(B), as interpreted in McGill and Carson, was not applied with respect to Grounds Six and Seven of Lewis's Petition in a manner consistent with those and other cases. Although Lewis was given the opportunity to file an amended PCRA petition, the PCRA Court never provided Lewis with a pre-dismissal notice that his petition was deficient under the McGill rule. Accordingly, the Court concludes that the PCRA Appellate Court's invocation of McGill's pleading rule was not an independent and adequate state bar. See Turner v. Nish, No. 07-1104, 2009 WL 3271232, at *21 (E.D. Pa. Oct. 9, 2009) (holding that Pennsylvania's layering rule is not an independent and adequate state bar); Kelly v. Rozum, No. 08-1073, 2009 WL 3245565, at *22 (E.D. Pa. Oct. 6, 2009) (noting inconsistency in state court application of McGill rule). See also Medina v. Diguglielmo, 373 F. Supp. 2d 526, 552 n.27 (E.D. Pa. 2005) (noting that McGill advocates remand of a PCRA petition to give petitioner opportunity to remedy defects in layering claim and questioning whether the rule was being consistently applied).

### 2. Ground Six – Ineffective Assistance of Counsel for Failure to File a Motion to Suppress Evidence Allegedly Acquired During a Thirty-Three Hour Delay Between Arrest and Arraignment

In Ground Six of his Petition, Lewis alleges that he was detained for thirty-three hours before being presented to a magistrate. (Petition at 15.) He then asserts that "trial counsel was ineffective when he fail [sic] to file a motion to suppress all evidence incurred during this unnecessary delay between arrest and arraignment." (Petition at 15.)

This Court liberally construes Ground Six of Lewis's Petition as a layered claim that Lewis's trial counsel was ineffective for failing to file a motion to suppress and that all subsequent counsel

were ineffective for failing to raise the issue. Although the PCRA Appellate Court found this claim to be waived as an improperly pleaded layered claim, this Court has concluded that the waiver was not based on an independent and adequate state rule. Ground Six is thus properly presented for review on the merits.

### a. Standard of Review – Ground Six

Although the Court may review Ground Six of Lewis's Petition, its review is constrained by the highly deferential standard provided by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). If a state court has adjudicated a claim on the merits, this Court may grant habeas relief only if the state court's adjudication was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. § 2254(d).

The Court determines whether a law is "clearly established" by referring to the governing principle or principles set forth by the Supreme Court at the time the state court rendered its decision. See 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 71 -72 (2003).

A state court decision is "contrary to" clearly established Federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of the [Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Lockyer, 538 U.S. at 73. To constitute an "unreasonable application" of clearly established Federal law, the start court decision must be more than incorrect or erroneous – it must be "objectively unreasonable." Id. at 75.

28 U.S.C. § 2254(d)(2) bars habeas relief unless a decision was based on an unreasonable determination of the facts, based on the totality of the evidence presented to that court. See Lambert v. Blackwell, 387 F.3d 210, 235-36 (3d Cir. 2004). Section 2254(e)(1) supplements this deference to broad determinations of fact by providing the standard of review for individual, specific, factual determinations. Id. It states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### b. AEDPA Review of the PCRA Court's Analysis of the Merits of Ground Six

The PCRA Court reviewed Lewis's claim that his trial counsel was ineffective for failing to file a motion to suppress evidence obtained during the thirty-three hour delay between his arrest and arraignment. It found the claim to be frivolous:

> After a thorough review of the available record, this [c]ourt finds that petitioner's claim has no merit. The record in this instant case shows that trial counsel did in fact file an Omnibus Pretrial Motion on July 8, 1993, seeking to suppress the very evidence which Petitioner is not claiming that he failed to challenge. However, the trial court denied the motion and there is nothing in the record to indicate that the trial court erred in making this decision. Furthermore, Petitioner's reliance on the Futch-Davenport rule as the basis for the exclusion of this evidence is misplaced. "By its very terms, the six-hour rule is only applicable to inculpatory statements and not physical evidence." Commonwealth v. Rhem, 424 A.2d 1345, 1351-52 (Pa. Super. Ct. 1980). Counsel therefore could not have sought to have either or both of these caps precluded under this rule. Accordingly, counsel cannot be deemed ineffective and Petitioner's claim was dismissed as frivolous.

Commonwealth v. Lewis, Feb. Term, 1993 Nos. 2681, 2690, 2696, 2718, 3023 slip op. At 3 (Ct. C.P. Philadelphia County, June 19, 2003).

The PCRA Court's decision is neither contrary to clearly established Federal law nor based on an unreasonable application of that law. Under the standard for ineffective assistance of counsel

promulgated by the Supreme Court in Strickland v. Washington, counsel is only constitutionally ineffective if his conduct prejudiced the defendant. 466 U.S. 668, 687 (1984). The PCRA Court correctly applied that principle to Lewis's claim, noting that Lewis's counsel cannot be deemed ineffective for failing to file a motion to suppress because he did file a suppression motion – a fact confirmed by the copy of the motion in the state court record. (See Def.'s Pretrial Omnibus Mot. at 2, Commonwealth v. Lewis, Nos. 2681, 2690, 2696, 2718, 3023, 4037 (Ct. C.P. Philadelphia County July 8, 1993)(requesting suppression of evidence)). Furthermore, as explained by the PCRA Court, even if a motion had not been filed, Lewis still would have suffered no prejudice because the motion was frivolous.

Because the PCRA Court's review of the merits of Ground Six of Lewis's Petition was neither contrary to, nor based on an unreasonable application of, clearly established Federal law and because Lewis has failed to rebut the PCRA Appellate Court's findings of fact by clear and convincing evidence, habeas relief is denied on this ground.

### 3. Ground Seven – "Constructive" Denial of Counsel

Ground Seven of Lewis's Petition alleges that he was constructively denied counsel at a January 7, 1993 Municipal Court hearing at which he claims that his misdemeanor V.U.F.A. charge was consolidated with felony charges then pending in the Philadelphia Court of Common Pleas. As explained above, the PCRA Appellate Court appears to have deemed this ground to have been waived as a result of improper pleading of a layered ineffective assistance of counsel claim. However, because this Court has concluded that the PCRA Appellate Court's decisions was not based on an independent and adequate state ground, the claim is properly presented to this Court for review.

Ground Seven, as written in Lewis's petition, is not presented as a layered ineffective assistance of counsel claim. Nor is it sufficiently developed, both legally and factually, to provide a basis for habeas relief. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Nevertheless, the Court will construe the excerpts from Lewis's November 14, 2006 *pro se* statement to the PCRA Appellate Court as an amendment supplementing Ground Seven of the Petition, will liberally construe the claim as being properly layered before this Court and will review this amended ground on the merits. No matter how Ground Seven is construed – either as as a layered ineffective assistance of counsel claim asserting that all previous counsel were ineffective for failing to argue that Lewis was constructively denied counsel, or simply as a claim of constructive denial of counsel – the Court concludes that it is without merit. Lewis suffered no constitutional injury – and hence, no prejudice – from the lack of counsel at his January 7, 1993 hearing because that hearing was not a "critical stage" of the proceedings.

### a. Standard of Review – Ground Seven

The state court did not address Ground Seven of Lewis's Petition on the merits. This Court thus reviews it *de novo*. See Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

### b. *De Novo* Review of Ground Seven

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has construed this text to require the appointment of counsel "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Ray, 389 U.S. 128, 257 (1967). Later cases have clarified that a defendant is entitled to counsel under the Sixth Amendment during "critical stages" of his prosecution. See

Holloway v. Arkansas, 435 U.S. 475, 489 (1973). A critical stage of a case may occur when (1) "available defenses may be irretrievably lost, if not then and there asserted," (2) "rights are preserved and lost," (3) "necessary to mount a meaningful defense," (4) "potential substantial prejudice to defendant's rights inheres in the . . . confrontation and the ability of counsel to help avoid that prejudice," or (5) there are "significant consequences for the accused." See Van v. Jones, 475 F.3d 292, 312 (6th Cir. 2007) (collecting cases).

In Ground Seven, Lewis claims that he was constructively denied counsel at a proceeding in Philadelphia Municipal Court during which he claims that his V.U.F.A. charges was consolidated with felony charges then pending in the Court of Common Pleas. Significantly, that was not a critical stage of the proceeding at which counsel was constitutionally required. In Van the United States Court of Appeals for the Sixth Circuit held that a hearing at which a defendant's case was consolidated with that of a co-defendant was not a critical stage because his counsel could move to sever the case at a later stage of the proceedings, undoing any potential harm. Id. at 314. The same is true of Lewis's case. There is no evidence that Lewis's available defenses were irretrievably lost at the January 7, 1993 hearing or that the hearing had significant consequences. To the contrary, Lewis's attorney filed a motion to sever as part of his July 8, 1993 Omnibus Pretrial Motion and the Court of Common Pleas heard oral argument on the motion on January 6, 1994. (See Def.'s Pretrial Omnibus Mot. at 2, Commonwealth v. Lewis, Nos. 2681, 2690, 2696, 2718, 3023, 4037 (Ct. C.P. Philadelphia County July 8, 1993)((requesting severance of counts and severance of trial of co-defendants) At that hearing, Lewis's counsel objected to the consolidation of the V.U.F.A. charges with the felony charges. (Transcript of Oral Argument on Motion to Suppress at 14-23, Commonwealth v. Lewis, Nos. 2681, 2690, 2696, 2718, 3023, 4037 (Ct. C.P. Philadelphia County

Jan. 6, 1994.)) The record discloses that the motion to sever was ultimately denied.

The fact that Lewis had, and realized, the opportunity to move to sever the misdemeanor V.U.F.A. charges from the felony charges against him when his counsel filed the Omnibus Pretrial Motion on July 8, 1993 demonstrates that no defenses were irretrievably lost, no prejudice was suffered, and that there were no significant consequences to the January 7, 1993 hearing. Accordingly, it was not a "critical stage" of the proceedings: no counsel was constitutionally required and Lewis has no right to habeas relief on the ground that he was "constructively" denied counsel in violation of the Sixth Amendment. Ground Seven of his Petition is denied.

**III. Conclusion**

Lewis's Objections to the analysis in the R & R regarding Grounds One through Five are overruled. The Court approves and adopts the analysis of Grounds One through Five in the R & R and those grounds are dismissed as procedurally barred.

Lewis's Objections to the analysis of Grounds Six and Seven in the R & R are sustained in part and overruled in part. The Court sustains Lewis's objection to the conclusion in the R & R that Grounds Six and Seven are procedurally defaulted. That portion of the analysis of the R & R is rejected. All other objections to the analysis in the R & R pertaining to Grounds Six and Seven are overruled. Grounds Six and Seven are denied on the merits for the reasons set forth above.

An appropriate order follows.