IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEON LEWIS** | : | CIVIL ACTION |
| **Petitioner,** | : | |
| v. | : | NO. 08-4498 |
| **FRANKLIN J. TENNIS, THE DISTRICT ATTORNEY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents.** | : | |

DuBOIS, J.                                                                                                          June 17, 2010

**M E M O R A N D U M**

**I. INTRODUCTION**

Leon Lewis was found guilty by a jury of thirteen counts of robbery, four counts of criminal conspiracy and five violations of the Uniform Firearms Act (V.U.F.A.) for carrying a firearm on public streets and, on June 3, 2004, was sentenced to an aggregate term of 120 to 140 years incarceration. Commonwealth v. Lewis, No. 1850 EDA 1999 slip op. at 1 -3 (Pa. Super. Ct. Oct. 12, 2000). After direct appeals, and after seeking relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), Lewis filed a *pro se* petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court on September 8, 2008. United States Magistrate Judge M. Faith Angell submitted to the Court a Report and Recommendation dated February 2, 2010 ("R & R") in which she recommended that the Petition be dismissed. Lewis filed an Objection to Report and Recommendation on February 18, 2010 and an Amended Objection to

Report and Recommendation on May 12, 2010.

By Memorandum and Order dated May 12, 2010 this Court sustained in part and overruled in part Lewis's Objection. Among other things, the Court overruled Lewis's objections to the conclusion in the R & R that Grounds One through Five were procedurally barred, approved and adopted the R & R with respect to those claims, and dismissed Grounds One through Five. See Lewis v. Tennis, No. 08-4498, 2010 WL 1946942 (E.D. Pa. May 12, 2010). Presently before the Court is Lewis's Motion for Relief from Judgment or Order – Reconsideration, filed on May 24, 2010, in which he disputes the basis of the Court's analysis dismissing Grounds One through Four.[1] For the reasons set forth below, Lewis's motion is denied.

## II. DISCUSSION

The facts of this case are described in both the R & R and the Court's Memorandum of May 12, 2010. The Court will not repeat them in this Memorandum except as is necessary to explain its ruling on Lewis's motion.

### A. Rule 60(b) and Second or Successive Habeas Petitions under the Antiterrorism and Effective Death Penalty Act

Lewis's Motion seeks relief pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). Before addressing the merits of a Rule 60(b) motion, the Court must first determine

---

[1] In paragraph five of his motion, Lewis asks the Court to also reconsider its ruling as to Ground Seven of his Petition. However, the motion makes no further mention of Ground Seven and no argument as to why the Court should grant a Rule 60(b) motion vacating the portion of its May 12, 2010 Order denying that ground for relief. In the Memorandum of May 12, 2010 the Court ruled that Ground Seven, which asserted that Lewis was constructively denied counsel in violation of the Sixth Amendment, was without merit because Lewis was not denied counsel at a "critical stage" of the proceedings. See Lewis v. Tennis, No. 08-4498, 2010 WL 1946942 (E.D. Pa. May 12, 2010). Nothing in Lewis's motion or in the document attached to it calls that conclusion into the doubt. Accordingly, Lewis's motion is denied as it relates to Ground Seven.

whether it is, in essence, a successive 28 U.S.C. § 2254 habeas petition. Such a ruling is required because the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 *et seq.*, requires a petitioner to obtain a certification from the Court of Appeals authorizing the District Court to address a successive habeas petition. See 28 U.S.C. § 2244(b)(3)).

Whether a Rule 60(b) motion should be treated as a successive habeas petition is based on whether the petitioner is challenging a previous habeas petition or his underlying conviction. Only when the motion challenges the manner in which an earlier habeas corpus judgment was procured can it be adjudicated on the merits without Court of Appeals authorization. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). When a Rule 60(b) motion "seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id. See also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("a motion [which] contend[s] that a subsequent change in substantive law is a 'reason justifying relief'.... although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly").

The Court's May 12, 2010 Memorandum and Order concluded that Grounds One through Four of Lewis's habeas petition were procedurally barred because Lewis failed to present both the factual and legal bases of those grounds in state court.[2] Lewis's Rule 60(b) motion challenges this conclusion. He contends that he did, in fact, present the legal and factual bases of Grounds One through Four to the state courts. In support, he attaches a copy of the brief he filed in his appeal to the Superior Court of Pennsylvania pursuant to the commonwealth's Post-Conviction Relief Act. Because Lewis's motion is focused on the manner in which his habeas petition was denied, and does

---

[2] The Court also dismissed Ground Five as procedurally barred, a conclusion that Lewis does not challenge in the instant motion. See Lewis, 2010 WL 1946942 at *3.

not present new arguments challenging his underlying conviction, it is not a second or successive habeas petition under the AEDPA. Accordingly, the Court now turns to the merits of his motion.

### B. The Legal Standard Governing Motions Filed Pursuant to Rules 60(b)(4) and 60(b)(6)

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed.R.Civ.P. 60(b).[3] The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir.1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" United States v. Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir.1981)). Rule 60(b) motions must be filed within a "reasonable time" after the judgment, order or proceeding was entered.

To prevail on a Rule 60(b)(4) motion, a plaintiff must show that "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void and subject to relief under Rule 60(b)(4) only if the court that rendered it lacked jurisdiction to do so, or entered a decree that was beyond the court's power to render. Marshall v. Board of Educ., 575 F.2d 417, 422 (3d Cir.1978). A judgment is not void and

---

[3] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

not within the purview of Rule 60(b)(4) simply because it is erroneous or based upon precedent later deemed incorrect or unconstitutional. Id.

Rule 60(b)(6) serves as the "catchall provision" in Rule 60(b). See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapport v. United States, 335 U.S. 601, 614-15(1949). The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc., 280 F.3d at 273 (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir.1988)).

**B. The Arguments Raised and the Evidence Presented in Lewis's Motion**

In its May 12, 2010 Order, this Court accepted and adopted the conclusion of the R & R that Grounds one through Four of Lewis's habeas petition are procedurally barred. Ground One asserted that the consolidation of the V.U.F.A. charge from municipal court with the robbery charges in the Court of Common Pleas was a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States; Ground Two claimed that trial counsel was ineffective for not filing a written motion to sever the V.U.F.A. charge; Ground Three contended that the trial court lacked subject matter over the V.U.F.A charge; and Ground Four claimed that trial counsel was ineffective for not challenging the court's jurisdiction over the V.U.F.A charge. In his Rule 60(b) motion, Lewis argues that the court erred when it found Grounds One through Four to be procedurally barred because he presented the factual and legal bases of these claims to the state courts.

Although Lewis invokes Rule 60(b)(4) as a basis for relief, his motion never argues that the Court's May 12, 2010 Order is void. Nor could he. The Court had jurisdiction over Lewis's petition

pursuant to 28 U.S.C. § 2254 and there is no doubt that it had the power to deny that petition. Lewis has no ground for relief pursuant to Rule 60(b)(4).

Lewis also asserts a right to relief pursuant to Rule 60(b)(6) on the ground that the Court, through mistake or inadvertence, did not have before it the entire state court record. If the complete record had been available – specifically, a document entitled "Brief for Appellant" filed on March 22, 2007 in the Superior Court in support of Lewis's appeal of the denial of his PCRA petition (hereinafter "PCRA appellate brief") – Lewis argues that the Court would have found that Lewis presented the factual and legal bases of Grounds One through Four to the state court and, accordingly, would have reviewed those grounds on the merits and granted his petition. Lewis is correct that there was an omission in the state court record provided to the Magistrate Judge. Although the Pennsylvania Superior Court docket shows that Lewis filed a brief on March 22, 2007, that brief was not included in the state court record provided to the Magistrate Judge. See Commonwealth v. Lewis, No. 3143 EDA 2006 (Pa. Super. Ct. March 22, 2007).[4]

Lewis contends that the PCRA appellate brief, which he has now provided as evidence, shows that Grounds One through Four were presented to the Superior Court of Pennsylvania in Lewis's appeal of the denial of his PCRA petition by the Philadelphia Court of Common Pleas.

---

[4] Additionally, the Superior Court's opinion analyzing the arguments in that brief described only five issues presented for its review:
> (1) all prior counsel were ineffective for failing to challenge or present on appeal the issue of his defective preliminary hearing; (2) all prior counsel were ineffective for not challenging the admissibility of a pistol at a suppression hearing, on appeal, or via the PCRA; (3) the PCRA court erred in granting his request to remove counsel without requiring counsel to address Appellant's *pro se* claims; (4) trial and appellate counsel rendered ineffective assistance in failing to ensure a prompt preliminary arraignment; and (5) that he was constructively denied counsel.

Commonwealth v. Lewis, No. 3143 EDA 2006 slip op. at 4 (Pa. Sup. Ct. Dec. 31, 2007).

Although the document Lewis has provided is not time-stamped by the Superior Court prothonotary, and does not appear to be the original brief, there is no reason to doubt that it is an authentic copy of the original brief docketed in the Superior Court on March 22, 2007.

The PCRA appellate brief filed on March 22, 2007 fails to prove that Lewis presented the legal and factual bases underlying Ground One – an alleged violation of Due Process as a result of the consolidation of the V.U.F.A. charges and the robbery charges– to the Superior Court. In the passages of his brief using the term "due process" Lewis argued that the Philadelphia Court of Common Pleas lacked subject matter jurisdiction over the V.U.F.A charges and that the consolidation therefore violated his due process rights. (PCRA app. brief at 17, 36, 37,38,42,44.) The argument was that the lack of jurisdiction, rather than consolidation, violated his Due Process rights.

Presenting the facts – the consolidation of the V.U.F.A. charges and robbery charges– as Lewis did in the PCRA appellate brief, is not sufficient to properly exhaust a claim in state court. In order to exhaust Ground One Lewis was required to present those facts, along with the legal theory justifying relief on those facts, to the state court so that the method of legal analysis available to the state court was the same method available to the federal court. See Gattis v. Snyder, 278 F.3d 222, 231 (2002). He did not. Because Lewis did not present the Due Process theory used in Ground One to the state court, it is procedurally barred. See Duncan v. Henry, 513 U.S. 364, 366 (1995) (rejecting respondent's petition for Writ of Habeas Corpus for failure to exhaust and explaining that "mere similarity of claims is insufficient to exhaust"). Lewis's PCRA appellate brief therefore does not provide any basis, let alone the exceptional circumstances, necessary to warrant the extraordinary remedy provided by Rule 60(b) with regard to Ground One.

Lewis's PCRA appellate brief demonstrates that he did present the factual and legal bases of Grounds Two, Three and Four of his petition to the Superior Court in his PCRA appeal. The Court will, therefore, review those grounds on their merits. However, because the Court finds Grounds Two, Three, and Four to be without merit, it denies Lewis's motion.

### 1. Legal Standard Governing Review of Lewis's Habeas Claims

The Court reviews Grounds Two, Three and Four *de novo* because the state court did not review them on the merits. See Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

### 2. Ground Two of Lewis's Habeas Petition

Ground Two of Lewis's Petition asserted that his trial counsel was ineffective for failing to file a written motion to sever the V.U.F.A. charge from the robbery charges. He made the same argument in his PCRA appellate brief. (PCRA app. brief at 20.) The argument is baseless. The Court's Memorandum of May 12, 2010 noted that Lewis's trial counsel filed a written motion to sever the V.U.F.A. charges from the felony charges as part of his July 8, 1993 Omnibus Pretrial Motion. At the January 6, 1994 hearing on that motion, Lewis's trial counsel again objected to the consolidation. Lewis, 2010 WL 1946942 at *8. As the Court concluded in the May 12, 2010 Memorandum, Lewis suffered no prejudice from the consolidation of the V.U.F.A. and robbery charges because his counsel was able to file a motion to sever and did, in fact, file such a motion. Id. Without prejudice, his counsel cannot be deemed constitutionally ineffective. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Thus, Ground Two is denied on the merits.

### 3. Grounds Three and Four of Lewis's Habeas Petition

Both Lewis's habeas petition and his PCRA appellate brief argued that the Philadelphia Court of Common Pleas lacked jurisdiction over his V.U.F.A. claim. (PCRA app. brief at 18.) They also

argued that Lewis's trial counsel – and all subsequent counsel – were ineffective for failing to raise the issue before the state courts. These claims are meritless. The Constitution of the Commonwealth of Pennsylvania provides for a "unified" judicial system in which the courts of common pleas have jurisdiction over all state criminal matters. See Pa. Const. Art. 5, §5; Commonwealth v. Bethea, 828 A.2d 1066, 1074 (Pa. 2003) ( "Controversies arising out of violations of the crimes code are entrusted to the original jurisdiction of the courts of common pleas for resolution. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.") (citing Pa. Const. Art. 5, § 5); see also Commonwealth v. Williams, 326 A.2d 902, 904 (Pa. Super. Ct. 1974) (explaining that failure to follow the procedural rules regarding assignment of cases between municipal court and the court of common pleas is not "tantamount to a want of jurisdiction"). Because the Philadelphia Court of Common Pleas had jurisdiction over the V.U.F.A. charges and robbery charges, Ground Three is baseless. And, because Lewis could not have been prejudiced by his counsel's failure to raise a meritless objection, Ground Four is similarly without foundation.

## III. CONCLUSION

Although the Court's Memorandum of May 12, 2010 was written without access to the copy of Lewis's PCRA appellate brief provided as an attachment to his Rule 60(b) Motion, nothing in that brief entitles Lewis to habeas relief. That portion of Lewis's Rule 60(b) Motion which relates to the Court's May 12, 2010 ruling that Ground One is procedurally barred is denied because Lewis has failed to demonstrate that he presented the legal and factual bases of that ground to the state courts. That portion of Lewis's Rule 60(b) Motion which relates to the Court's ruling that Grounds Two, Three and Four are procedurally barred is granted, but, after reviewing those grounds on the merits,

the Court denies them. Accordingly, because Ground One is procedurally barred and because Grounds Two, Three and Four are without merit, there is no basis, let alone the required exceptional circumstances, for granting the extraordinary remedy provided by Rule 60(b). An appropriate order follows.